UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLAKE BROOKS,

Plaintiff,

v.

SECURUS & ARAMARK,

Defendants.

Case No.  2:26-cv-0332-DC-JDP (P)

ORDER

Plaintiff, a state prisoner, brought this action in the Sacramento County Superior Court and defendants removed it to this district.[1] ECF No. 1.  Plaintiff alleges that defendants violated his rights by price gouging and overcharging detainees at the Sacramento County Jail for canteen and media items.  ECF No. 1-2 at 7.  These claims are not viable as articulated and I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity to explain why, if at all, this action should proceed.

---

[1] Defendants argue that jurisdiction is proper based on diversity.  ECF No. 1 at 2.  A prisoner or detainee's complaint that is removed is still subject to screening.  *See Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC (P), 2017 U.S. Dist. LEXIS 176242, *2-3 (E.D. Cal. Oct. 24, 2017) ("The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The screening obligation applies where a complaint is removed from state court.").

1

I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

In vague terms, plaintiff alleges that defendants have engaged in price gouging and are overcharging him for canteen items and multimedia.  ECF No. 1-2 at 7.  He does not identify what, if any, cause of action entitles him to relief, however.  There is no constitutional right to canteen items.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).  Neither is there a

2

constitutional right to watch television in prison, *see James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992), and, thus, there can be no constitutional claim regarding the price of media on offer. Plaintiff does assert that there is "all kinds of legislation," ECF No. 1-2 at 7, that supports his claims, but he does not identify any provisions of state or federal law.

I will dismiss the complaint with leave to amend. Plaintiff may file an amended complaint that addresses the foregoing deficiencies. That complaint must be complete in itself and be submitted on the form included with this order. It should be titled "First Amended Complaint." If plaintiff fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1. Plaintiff's current complaint, contained at ECF No. 1-2 at 4-7, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3