UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLAKE BROOKS,

          Plaintiff,

    v.

SECURUS & ARAMARK,

          Defendants.

Case No.  2:26-cv-0332-DC-JDP (P)

ORDER

Plaintiff, a detainee in the Rio Consumnes Correctional Center, brought this case in state court, and it was removed to this court by defendant Aramark Correctional Services, LLC ("Aramark").  ECF No. 1.  I screened the complaint on May 5, 2026, and found that plaintiff had failed to state a cognizable claim.  ECF No. 8.  I gave him leave to amend, and he has filed an amended complaint.  ECF No. 9.  The amended complaint contains many of the same deficiencies as its predecessor, however.[1]  I will grant plaintiff one final opportunity to amend before I

---

[1] As I explained in my previous screening order, screening still applies to a prisoner or detainee's action that is removed to federal court.  A prisoner or detainee's complaint that is

1

recommend dismissal of this action.

I.        Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

removed is still subject to screening. *See Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC (P), 2017 U.S. Dist. LEXIS 176242, *2-3 (E.D. Cal. Oct. 24, 2017) ("The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court.").

2

II.    Analysis

As before, plaintiff alleges that defendant Aramark has a monopoly on commissary services in Sacramento County.  ECF No. 9 at 3.  He claims that this monopoly results in unfairly high prices for various food, media, and hygienic items.  *Id.*  As I explained in my previous screening order, there is no constitutional right to canteen or to media items.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  In his amended complaint, plaintiff cites the Sherman Antitrust Act, but other than alleging that Aramark is violating "Sec 2," does not explain the basis of this legal theory.  ECF No. 9 at 3.  To state a claim under section two of the Sherman Act, a claimant must show: "(1) the existence of a combination or conspiracy to monopolize; (2) an overt act in furtherance of the conspiracy; (3) the specific intent to monopolize; and (4) causal antitrust injury."  *In Re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1159 (9th Cir. 2019) (quoting *Paladin Assocs., Inv. v. Mont. Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003)).  He has failed to address these elements in his complaint or, indeed, explain why this section of the act applies at all.  Similarly, plaintiff's listing of various other acts at the end of his complaint, without explaining their application, is insufficient to state a claim.

I will give plaintiff one final opportunity to amend his complaint.  If he elects to amend, the complaint must be complete in itself and be submitted on the form included with this order.  It should be titled "Second Amended Complaint."  If plaintiff fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1.  Plaintiff's amened complaint, ECF No. 9, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:     May 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE